Hay, Judge,
delivered the opinion of the court:
Under articles of agreement entered into by the plaintiff Avith the United States the United States agreed to pay to- the plaintiff a royalty of 5 cents for each fuse covered by United States Letters Patent No. 860,354 granted July 16, 1907, to the plaintiff.
The first contract entered into by the parties Avas December 2, 1909. On March 10, 1915, another contract was made between the parties covering the same patent and agreeing to pay the same royalty.
And on March 27, 1917, still another contract was entered into between the parties covering the same patent and pro *670 viding for the payment of the same royalty. The said last-named contract contained the following provisions: “ Article 1. That the articles of agreement dated December 2, 1909, hereinbefore referred to, are hereby renewed as provided for in Article 3 thereof with all their stipulations and conditions.”
Article 3 of the contract of December 2, 1909, is as follows:
“It is further agreed that in the event of the Congress of the United States making further appropriations applicable to the manufacture or purchase of fuses, the United States shall have the right to renew this contract under the same terms and conditions.”
The Government has paid royalties under its contract with the plaintiff of 5 cents per fuse on fuses made for the Army before July 1, 1917, but has paid no royalties to the plaintiff since June 30, 1917, on the fuses made for the Army possessing features covered by and described in the Patent No. 860354.
Since July 1, 1917, there have been made for the use of the Army something over 12,000,000 of these fuses, and in addition other fuses have been made for the use of the Army at Government arsenals, the number of which does not appear in evidence.
The contract made by the Government with the plaintiff has remained in full force and effect without any effort being made on the part of the Government to repudiate it or to- put an end to it. The Government continued from the date of the first contract to have the fuses manufactured, and. also continued to pay the royalties each year up to and including June 30, 1917. In the latter part of the year 1917 the Government endeavored to have the plaintiff reduce the amount of the royalty; this the plaintiff declined to do. Thereupon the Government refused to make any further payments, although from June 30, 1917, up to the time of its refusal to pay it had continued to have the fuses made, and so continued up to the time of the bringing of this suit.
*671 There is no question that the Chief of Ordnance was authorized to make the contract with the plaintiff. Berden Fire Arms Mfg. Co. v. United States, 26 C. Cl. 48, 78.
Evidence has been offered by the defendant tending to attack the validity of the plaintiff’s patent under which the license was granted. Such evidence is not admissible if the contract is binding upon the parties. That it is so binding seems beyond question. This court, speaking through Chief Justice Campbell in the case of Foley, Adm'x. v. United States, 58 C. Cl. 303, 316, used this language: “ The instant case illustrates the importance of determining whether in fact a contract was made between the parties, because if one was made the court is not concerned with the question of the validity of the patent. When it is found that the defendant agree to use a patented method or process, and did use it, the amount agreed upon as royalty becomes payable.” The licensee when sued for royalties is estopped to deny the validity of the patent which he has been using. United States v. Harvey Steel Co., 196 U. S. 310.
The Government, howeyer, claims that under certain statutes, R. S., secs. 3732 and 3679, the contract in suit is forbidden to be made if it involves the payment of money from future appropriations, and that the royalties provided for under the contract must be paid from the appropriations in effect at the time when the contract was entered into. The sections of the Revised Statutes referred to are as follows:
R. S. Section 3679:
“ No executive department or other Government establishment of the United States shall expend in any one fiscal year any sum in excess of appropriations made by Congress for that fiscal year or involve the Government in any contract for the future payment of money in excess of such appropriations, unless such contract or obligation is authorized by law * * * ”
R. S. Section 3732:
“No contract or purchase on behalf of the United States shall be made unless the same is authorized by law or is under an appropriation adequate to its fulfillment except in *672 the War and Navy Department for clothing, subsistence, forage, fuel, quarters, or transportation, which, however, shall not exceed the necessities of the current year.”
We do not think that these statutes apply to a license agreement which permits the Government to use a patented invention. See United States v. Harney Steel Co., supra. See also United States v. Harvey Steel Co., 227 U. S. 165.
As a matter of fact appropriations had been made when the- contract of March 27, 1917, was entered into which were ample to pay the plaintiff the amount of the royalties which the United States owed to the plaintiff and which were incurred by the Government after the ending of the fiscal year of 1917. For by the act of February 14, 1917, whereby large sums were appropriated which were available for payment to plaintiff of his royalties it was provided that the appropriations should be available until expended, and it appears that these appropriations were not expended at the-end of the fiscal year. Another act was passed on June 15, 1917, appropriating $106,550,000, “ for purchase and manufacture of ordnance stores to fill requirement of troops.” This act provided: “ That the appropriations contained in this act, unless otherwise specified herein, shall be available during the fiscal years 1917 and 1918,” and the act further provided: “That the appropriations contained herein shall be available for the payment of obligations on account of the present emergency incurred prior to the passage of this act, and which are properly chargeable to such appropriations.” 40 Stat. 217.
Another act of Congress approved July 9, 1918, appropriated $93,400,000 for purchase and manufacture of ordnance stores for the year ending June 30, 1919, and further provided: “ the appropriations contained herein shall be available for the payment of obligations on account of the existing' emergency incurred prior to the passage of this act, or prior to June thirtieth, nineteen hundred and eighteen, and which are properly chargeable to such appropriations.” 40 Stat. 878.
From these statutes it appears that when the royalties of the plaintiff became due there were appropriations available *673 for the purpose of this payment. Under the contract the Government, when it availed itself of the privilege granted it by the contract, was bound to pay the royalties which it had agreed to pay, and there is nothing in the record which even tends to show that the Government should be relieved of its obligation.
The plaintiff is entitled to recover the sum of $616, 290.20. And it is so ordered.
DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.